IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GEORGE BECK III, ) | |
| Individually and on behalf of others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 2:15-cv-000095-WCO |
| BURNETT WELDING, INC. ) | |
| and SCOTT BURNETTE, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff George Beck III who files this lawsuit against Defendants Burnett Welding, Inc., and Scott Burnette (hereinafter collectively "Defendants"), and show the following:

**Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

1

*seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Burnett Welding, Inc. may be served by delivering a copy of the summons and complaint to its registered agent, Thad McCormack, Esq., 1730 Thompson Bridge Road, Gainesville, Georgia 30501.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Burnett Welding, Inc.'s office located at 4739 Newton Drive, Gainesville, Georgia 30506.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

### *Plaintiff*

6.

Plaintiff has been employed as a welder and/or welder assistant at Burnett Welding, Inc. during the three years prior to the filing of this lawsuit.

7.

Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b).  Plaintiff's signed consent form is filed with this Court contemporaneously with this Complaint.  Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

### *Proposed Collective Definition*

8.

"Plaintiff and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked as welders and welder assistants at Burnett Welding, Inc. within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

### *Defendants*

9.

Defendant Burnett Welding, Inc. is a Georgia corporation with its business address at 4739 Newton Drive, Gainesville, Georgia 30506.

10.

Defendant Scott Burnette may be served with process by delivering a copy of the summons and complaint to his home/work address at 4739 Newton Drive, Gainesville, Georgia 30506.

## Factual Allegations

11.

Burnett Welding is a welding services company with clients located throughout the Atlanta metro area.

12.

At all times material hereto, Burnett Welding, Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

13.

At all times material hereto, Burnett Welding, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

At all times material hereto, Burnett Welding, Inc. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

At all times material hereto, Burnett Welding, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

The "goods" referenced in the previous paragraph include, but are not limited to welding services, credit card terminals, telephones, Internet, and facsimile.

17.

In all relevant years, Burnett Welding, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

At all times for three years prior to the filing of the instant complaint, Defendants have employed welders and welder assistants at Burnett Welding, Inc.

19.

At all times for the three years prior to the filing of the instant complaint, Defendants have failed to correctly pay overtime to all welders and welder assistants working at Burnett Welding, Inc.

20.

Plaintiff worked over forty hours in some weeks he worked for Defendants.

21.

Plaintiff George Beck III was hired by owner Scott Burnette in March 2013 as a welder or welder assistant earning between $13 and $16 per hour depending on the project he was assigned to and the work he performed on the assigned project.

22.

Plaintiff was terminated in March 2015.

23.

Between March 2013 and December 2014, Plaintiff Beck III generally worked more than 40 hours per week, but Defendant Burnette concocted a scheme to avoid paying his employees time and a half for overtime hours.

24.

Defendant Burnette paid his employees twice per week (for Monday-Thursday and Friday-Sunday).  This way, individual paychecks rarely, if ever, accounted for more than 40 hours.

25.

Under the FLSA, an employer must pay an overtime premium of one and a half times the rate of pay for any eligible employee who works more than 40 hours per week.  29 U.S.C. § 207.

26.

Moreover, Defendant Burnette also deducted an amount from Plaintiff's and

other employees' paychecks to help cover workman's compensation payments to another employee. Defendant Burnette deducted a total of $1,398.50 in this manner from Plaintiff's pay.

27.

Defendants knew, or showed reckless disregard for the fact that they attempted to avoid paying overtime in the manner described above, and accordingly failed to pay these individuals overtime at the required rate under the Fair Labor Standards Act.

28.

Defendant Scott Burnette is the owner of Burnett Welding, Inc.

29.

Defendant Burnette had discretion over Plaintiff's working hours, employment status, and overtime compensation.

30.

Defendant Burnette acted both directly and indirectly in the interest of Burnett Welding, Inc. and was in a supervisory position over Plaintiff.

31.

Burnett Welding, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

32.

Defendant Scott Burnette is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

33.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

34.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

35.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

36.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully request that this

Court:

(A) Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff and the FLSA Collective unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D) Reimburse Plaintiff and the FLSA Collective for "workers compensation" payments illegally deducted from their paychecks;

(E) Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 12th day of May, 2015.

                        **THE SHARMAN LAW FIRM LLC**

                        /s/ Paul J. Sharman
                        PAUL J. SHARMAN
                        Georgia State Bar No. 227207

                        The Sharman Law Firm LLC

        11175 Cicero Drive, Suite 100
        Alpharetta, GA 30022
        Phone: (678) 242-5297
        Fax: (678) 802-2129
        Email: paul@sharman-law.com

        Counsel for Plaintiff