## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASES

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between George Beck III, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Beck") and Burnett Welding, Inc. and Scott Burnette, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Beck and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Beck.

WHEREAS, Beck was employed by The Released Parties; and

WHEREAS, Beck has alleged unlawful employment practices in violation of federal law against The Released Parties, allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  The Released Parties agree to pay the total amount of ***Thirteen Thousand Dollars ($13,000.00)***, inclusive of attorneys' fees and costs, allocated as follows:

    A.  A check in the gross amount of $ 3,205.25, less withholdings as required by law, made payable to GEORGE BECK representing alleged unpaid

overtime to be issued and delivered within fourteen (14) calendar days following court approval of this settlement;

B. A check in the amount of $ 3,205.25 made payable to GEORGE BECK representing alleged liquidated damages to be issued and delivered within fourteen (14) calendar days following court approval of this settlement;

C. A check in the amount of $ 1,389.50 made payable to GEORGE BECK representing alleged improper payroll deductions and separate consideration for the general release contained herein to be issued and delivered within fourteen (14) calendar days following court approval of this settlement;

D. A check in the amount of $5,200.00 made payable to THE SHARMAN LAW FIRM LLC representing a contingent attorney's fee based on the fee agreement between Plaintiff and attorney Paul Sharman to be issued and delivered within fourteen (14) calendar days following court approval of this settlement.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Paul J. Sharman, The Sharman Law Firm, LLC, 11175 Cicero Drive, Suite 100, Alpharetta, GA 30022) within fourteen (14) calendar days following court approval of this settlement.

2. Beck agrees that this is a disputed claim and represents that upon receipt of all of the above mentioned funds, he will have been paid in full for all hours worked while employed with Released Parties, including any overtime hours worked while in any non-exempt job position, and will have released all claims under the Fair Labor Standards Act. In consideration of the payment of $ 1,389.50 described above, Beck further provides the Released Parties with a

2

general release from any and all claims (including any claims of indemnification, contribution, loss of consortium, and any other claims which might be asserted by or through a third party), demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all employment, disability, property damage, loss or damages of any kind already sustained or that they may hereafter sustain which may be attributable or chargeable to the Released Parties, to the extent provided for by law.

3. All Parties agree that, contemporaneous with the execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. After the Court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within fourteen (14) calendar days following the filing or entry of the order (either formal written order or docket entry, *i.e.*, "minute entry") approving the settlement. If the District Court does not approve this Agreement, the Parties agree that the terms, conditions, and provisions contained herein are null, void, and without any legal effect. However, the parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court.

4. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5. Beck agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Beck further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Beck, The Released Parties will give a neutral reference indicating only Beck's dates of employment, pay rate and position.

6. Non-Disparagement. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

7. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

8. Beck represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Beck represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the released claims.

9. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11.  This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

12.  In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13.  This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

14.  Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15.  The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

16.  The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been

entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. Beck acknowledges that he has been advised to consult an attorney prior to signing this agreement. Beck understands that whether or not he consults with an attorney is his decision. In this respect, Beck has consulted with and been advised by Paul J. Sharman, Esquire in this matter.

18. This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 8/6/15

*/s/ George Beck*
**GEORGE BECK**

**BURNETT WELDING, INC.**

Date:_____

Sign:_____

Print Name:_____
**Representative of Burnett Welding, Inc.**

Date:_____

_____
**SCOTT BURNETTE**

entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. Beck acknowledges that he has been advised to consult an attorney prior to signing this agreement. Beck understands that whether or not he consults with an attorney is his decision. In this respect, Beck has consulted with and been advised by Paul J. Sharman, Esquire in this matter.

18. This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 8-8-15

**GEORGE BECK**

**BURNETT WELDING, INC.**

Date: 8-8-15

Sign: _Scott Burnette_

Print Name: Scott Burnette
**Representative of Burnett Welding, Inc.**

Date: 8-8-15

_Scott Burnette_
**SCOTT BURNETTE**

6